UNITED STATES DISTRICT COURT
NONORTHERN DISTRICT OF OHIO

------------------------------------------------------

UNITED STATES OF AMERICA, : CASE NO. 1:15-CR-00035
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 46, 51]
NICHOLAS DANIEL, :
:
       Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Hobbs Act case, Defendant Nicholas Daniel seeks the exclusion and suppression of certain evidence. In particular, Daniel seeks to exclude testimony of Daniel's co-Defendant Quentin Blade due to an alleged *Brady* violation,[1] and to suppress evidence the government disclosed to him in April or May 2015, which he says was untimely under Federal Rule of Criminal Procedure 16.[2]

For the reasons below, the Court **DENIES** Defendant Daniel's motions.

**I.**

**A. Motion to Exclude**

Defendant Daniel seeks to exclude any testimony by his co-Defendant Quentin Blade.[3] In support, he alleges that the government violated its *Brady* and *Giglio* duties by failing to turn over statements made by Blade as well as reports of those statements.[4]

Because Blade is a potential government witness, his statements and reports of his statements are covered by the Jencks Act. Under the Jencks Act, such material need not be produced "until said

---

[1] Doc. 51.
[2] Doc. 46.
[3] Doc. 51.
[4] *Id.*

Case No. 1:15-CR-00035
Gwin, J.

witness has testified on direct examination in the trial of the case."[5/] "When *Brady* material sought by a defendant is covered by the Jencks Act, the terms of that Act govern the timing of the government's disclosure."[6/] The same is true when a defendant seeks discovery under Federal Rule of Criminal Procedure 16.[7/]

In this case, the government disclosed the materials in advance of the timeline established by the Jencks Act. Moreover, it appears that the government had earlier disclosed the substance of Blade's exculpatory statements regarding the nature of the gun allegedly used.

Accordingly, the Court will **DENY** Defendant Daniel's motion to exclude testimony from Quentin Blade.[8/]

**B. Motion to Suppress**

Defendant Daniel also seeks the suppression of "all discovery provided to [him] in April and May 2015."[9/]

As an initial matter, much of the discovery provided during this time period consists of statements of potential government witnesses or reports thereof. As noted above, the Jencks Act governs the timing of such disclosures and specifies that no disclosures need to be made until the witness testifies. Thus, in this case, the government's Jencks Act disclosures were not late.

Defendant Daniel also challenges other allegedly late disclosures. Among these are call logs

---

[5/] 18 U.S.C. 3500(a).

[6/] *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994) (citing *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988)).

[7/] Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act].").

[8/] This motion also alleges prosecutorial vindictiveness in plea bargaining. Doc. 51 at 3-4. The Federal Rules of Criminal Procedure strictly prohibit the Court from participating in plea negotiations. Fed. R. Crim. P. 11(c)(1). The Court will thus **DENY** this portion of the motion as well.

[9/] Doc. 46.

Case No. 1:15-CR-00035
Gwin, J.

and location data for a phone associated with co-Defendant Blade, an "event chronology" of radio traffic around the time of some of the robberies, and a report of an interview with Defendant Daniel conducted near the time of his arrest.

Much of the information contained in the government's April and May disclosures had previously been disclosed. For example, it appears that the government disclosed the location data associated with co-Defendant Blade's phone in February 2015.[10] Other information contained in these disclosures had previously been available to Defendant Daniel in other forms. For example, the government had disclosed Daniel's own call logs to Daniel in February,[11] meaning that information on Blade's call logs showing calls between Blade and Daniel was already in Daniel's possession.

Finally, to the degree that the information disclosed in April and May differed or added to the information disclosed earlier, it appears that the prosecution has acted in good faith by turning over the information as soon as it became aware of it and that no prejudice will result to Defendant Daniel. Even if the prosecution should have found and therefore disclosed this information sooner, suppression is not warranted.[12]

In the alternative, Defendant Daniel seeks a continuance of the trial "to properly review all late discovery provided." Because, as noted above, most of the April and May disclosures were either Jencks Act material or were information Defendant Daniel already had, the Court concludes that a continuance is not required.

## II.

---

[10] *See* Doc. 53-1 at 2.
[11] *Id.*
[12] *See United States v. Ganier*, 468 F.3d 920, 927-28 (6th Cir. 2006) (considering lack of bad faith and lack of prejudice in finding exclusion unnecessary).

Case No. 1:15-CR-00035
Gwin, J.

For the reasons above, the Court **DENIES** Defendant Daniel's motions to exclude testimony of Quentin Blade and suppress evidence encompassed in the government's April and May 2015 disclosures.

IT IS SO ORDERED.


Dated: May 15, 2015  	s/      *James S. Gwin*      
                       	JAMES S. GWIN
                       	UNITED STATES DISTRICT JUDGE