UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
NICHOLAS DANIEL,                          :          CASE NO. 1:15-CR-35
                                          :
      Petitioner,                         :
                                          :
   vs.                                    :          OPINION & ORDER
                                          :          [Resolving Doc. 86]
UNITED STATES OF AMERICA,                 :
                                          :
      Defendant.                          :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Petitioner Nicholas Daniel moves, *pro se*, to vacate his sentence.[1] He claims that his conviction under 18 U.S.C. § 924(c) is unconstitutional following the Supreme Court's decision in *Johnson v. United States*[2] and moves to dismiss all counts. The government opposes the motion.[3] For the following reasons, the Court **DENIES** Daniel's motion to vacate.

## I. Background

On May 6, 2015, a federal grand jury returned a thirteen-count indictment against Petitioner Daniel. Daniel was charged with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (counts 1-8, 10, 12, and 13), and with using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (counts 9 and 11).[4] Under § 924(c)(1)(A), a defendant faces a mandatory minimum

---

[1] Doc. 86.
[2] 135 S. Ct. 2551 (2015).
[3] Doc. 88.
[4] Doc. 33.

Case No. 15-CR-35
Gwin, J.

sentence if he is convicted of using, carrying, and brandishing a firearm in relation to a "crime of violence."[5] Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[6]

The first prong is called the "force clause," and the second prong is called the "residual clause." Daniel's indictment did not implicate the "violent felony" mandatory-minimum sentencing provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On May 18, 2015, Daniel pleaded guilty to Counts 1-3, 6, 8-10, 12, and 13, pursuant to a written plea agreement.[7] Daniel's plea agreement waived his right to challenge his conviction or sentence collaterally through a post-conviction proceeding, including under 28 U.S.C. § 2255, unless the appeal concerned punishment in excess of the statutory maximum, a sentence that exceeded the advisory Sentencing Guidelines' maximum, or the Court's determination of Daniel's Criminal History Category.[8]

On September 14, 2015, the Court sentenced Daniel to 90 months imprisonment on counts 1-3, 6, 8, 10, 12, and 13, and 60 months imprisonment on count 9.[9] The sentences ran consecutively for a total of 150 months imprisonment. Daniel did not directly appeal his sentence.

In the present case, Daniel moves to vacate his sentence, claiming two grounds for relief: (1) Hobbs Act robbery under § 1951(b) categorically fails to constitute a crime of violence under

---

[5] 18 U.S.C. § 924(c)(1)(A).
[6] 18 U.S.C. § 924(c)(3).
[7] Doc. 63.
[8] *Id.*
[9] Doc. 85.

-2-

Case No. 15-CR-35
Gwin, J.

§924(c)(1)(A) and (2) the residual clause within § 924(c)(3)(B) is unconstitutionally vague following *Johnson* and cannot sustain his § 924(c) conviction.[10]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;
2) That the court was without jurisdiction to impose such sentence;
3) That the sentence exceeded the maximum authorized by law; or
4) That the sentence is otherwise subject to collateral attack.[11]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[12] As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be asserted in a collateral attack unless the petitioner can show cause to excuse the default and actual prejudice from the error complained of.[13]

On June 26, 2015, the Supreme Court issued the *Johnson* opinion, holding that the definition of "violent felony" in the ACCA's § 924(e) residual clause was unconstitutionally vague.[14] *Johnson* does not address the constitutionality of the residual clause in § 924(c)(3), under which Daniel was convicted.

---

[10] Doc. 86-1 at 2.
[11] 28 U.S.C. § 2255(a).
[12] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[13] *Massaro v. United States*, 538 U.S. 500, 504 (2003).
[14] 135 S. Ct. at 2563.

Case No. 15-CR-35
Gwin, J.

### III. Discussion

Petitioner Daniel argues that Hobbs Act robbery does not constitute a crime of violence under § 924(c)(3)(A)'s force clause and that § 924(c)(3)(B)'s residual clause is unconstitutionally vague following *Johnson*. Daniel's argument loses. He procedurally defaulted his § 2255 claims, which fail on the merits because *Johnson* did not invalidate § 924(c)(3)'s residual clause.

*A. Procedural Default*

Daniel procedurally defaulted his claim when he failed to take a direct appeal.

Except for a claim of ineffective assistance of counsel, a failure to raise a claim on direct appeal results in a procedural default of that claim.[15] For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show both cause that would excuse his failure to raise the claim previously and actual prejudice from the alleged violation.[16] If the prisoner fails to establish cause, the Court need not determine if he was prejudiced by the alleged violation.[17] If unable to show cause and prejudice, the prisoner may obtain habeas review if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as a showing of actual innocence or a claim that is "'so novel that its legal basis is not reasonably available to counsel.'"[18]

Here, Petitioner Daniel presents no evidence to show "cause" for his failure to raise the issue on direct appeal. Thus, the Court finds that this claim is procedurally defaulted. Moreover, Daniel does not assert any grounds constituting a fundamental miscarriage of justice — such as actual innocence or novel claim — that would allow the Court to proceed to the merits despite

---

[15] *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001).
[16] *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700.
[17] *Bousley*, 523 U.S. at 623.
[18] *Id.* at 622-23 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013).

-4-

Case No. 15-CR-35
Gwin, J.

the default. In particular, Daniel's *Johnson* claim would not have been novel on appeal; the Supreme Court published the *Johnson* decision several months before Daniels was sentenced. Accordingly, the Court rejects the Petitioner's § 2255 claims.

### B. Daniel's Johnson *Argument*

Even if the Court considers Daniel's claim on the merits, he loses because his argument misinterprets *Johnson*.

Daniels makes two arguments in favor of vacating his sentence. First, he argues that Hobbs Act robbery as prescribed by § 1951(b) categorically fails to constitute a crime of violence under the § 924(c)(3)(A) force clause.[19] Second, Daniel argues that the § 924(c)(3)(B) "residual clause" is unconstitutional after *Johnson* and cannot sustain his § 924(c)(3) conviction.

Daniel's argument loses because the § 924(c)(3)(B) residual clause remains constitutional after *Johnson*, and therefore the residual clause sustains his conviction under § 924(c). In *Johnson*, the Supreme Court addressed the ACCA's "residual clause" under § 924(e) and its definition of "violent felony."[20] The ACCA's residual clause under § 924(e), however, is distinct from the residual clause under which Daniel was convicted, § 924(c)(3)(B).[21] The Sixth Circuit recently rejected the claim that *Johnson* rendered § 924(c)(3)(B) unconstitutionally vague, emphasizing the different statutory language and judicial interpretations of the § 924(c)(3) and § 924(e) residual clauses.[22] Accordingly, *Johnson* does not invalidate the § 924(c)(3) residual clause or present valid grounds for vacating Daniel's conviction under the same.

---

[19] Doc. 86-1 at 2.
[20] 135 S. Ct. at 2563.
[21] *Compare* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*") (emphasis added) *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining, in part, a "violent felony" as a felony that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*") (emphasis added).
[22] *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016).

Case No. 15-CR-35
Gwin, J.

Accordingly, Daniel's conviction for Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)'s residual clause. Conspiracy to commit a Hobbs Act robbery "is necessarily a conspiracy that, by its nature, involves a substantial risk that physical force may be used against the person or property of another, and therefore is a crime of violence within the meaning of section 924(c)."[23] Because Daniel's conviction for Hobbs Act robbery is a § 924(c)(3) crime of violence, his § 2255 claim fails on the merits.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Daniel's motion for relief under 28 U.S.C. § 2255. There is no basis upon which to issue a certificate of appealability.[24]


IT IS SO ORDERED.


Dated: December 5, 2016               *s/       James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE

---

[23] *United States v. Taylor*, 176 F.3d 331, 338 (6th Cir. 1999).
[24] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).